134 F.3d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Moses WONG, an individual, Plaintiff-Appellant,
v.
UNITED STATES of America; Commodity Futures Trading
Commission; Richard L. Symonds, as an individual, and as a
professional corporation; John Francis Carroll, as an
individual, and as a professional corporation; Samuel F.
Abernethy, as an individual, and as a professional
corporation; Thomas S. Sayles; Does 1 through 60
inclusive, Defendants-Appellees.
 No. 96-56579.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 3, 1997.**
Decided Jan. 9, 1998.
 
 1
 Before: SCHROEDER and KOZINSKI, Circuit Judges, and WHYTE,*** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Wong seeks to attack the result of two consent orders, which are now final judgments.[1] Even if the courts in those cases lacked subject matter jurisdiction, the judgments cannot be attacked collaterally after they have become final. See Stall v. Gottlieb, 305 U.S. 165, 172 (1938). That is so even when a later precedent has made the first court's jurisdiction invalid. See Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 377 (1940). Later courts have repeatedly reaffirmed this principle. See, e.g., Willy v. Coastal Corp., 503 U.S. 131, 137 (1992); Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Trulis v. Barton, 107 F.3d 685, 691 (9th Cir.1995).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Ronald M. Whyte, Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 "A consent decree is considered a final judgment despite the fact that the district court retains jurisdiction over the case." Stone v. City and County of San Francisco, 968 F.2d 850, 854 (9th Cir.1992)